BOUTALL, Judge.
This is a motion to dismiss an appeal from a judgment which denied defendant’s prayer for a new trial, refused to vacate a “judicial sequestration” and ordered defendant and a third party to produce the movable property sought to be sequestered.
The procedural posture of this case is somewhat complicated by failure to adhere strictly to the Code of Civil Procedure, but the pertinent facts are as follows:
Plaintiffs-Appellees filed suit for partition of a valuable book of which they claim to be co-owners, and which they allege to be in the custody of defendant-appellant. Plaintiffs also prayed for sequestration of the book, but the sequestration finally issued was not the usual sequestration at the request of a party, but an order of sequestration issued by the court in reliance upon C.C.P. Article 3573 and Civil Code Article 2979. The defendant then filed a motion for a new trial asking that the sequestration be set aside since the book was no longer in his possession and was now in custody of a third party living in France, and alternatively that a hearing should be conducted on the propriety of the sequestration.
The trial judge granted a hearing on the motion and denied the motion for a new trial, refused to vacate the judicial sequestration, directed the third party in France (not joined herein) to return the book to the Clerk of Court, and ordered the defendant to use good faith efforts to have the book returned to the Clerk of Court. The judgment refrained from ruling on the question of jurisdiction pending the further action of the third party in France. From this decision, the defendant appeals. Plaintiff then filed this motion to dismiss the appeal contending that no appeal lies from an interlocutory decree of sequestration.
Code of Civil Procedure Article 2083 sets out the standards for the appealability of judgments. The Article reads as follows:
“An appeal may be taken from a final judgment rendered in causes in which appeals are given by law whether rendered after hearing or by default, and from an interlocutory judgment which may cause irreparable injury.”
We note that the judgment finally rendered is more than a simple issuance of a writ of sequestration. The judgment refuses to dissolve the sequestration order and orders that both the defendant, and a third person not made party to this suit, produce the book sought to be sequestered and hand it to the Clerk of Court for safe keeping. The judgment thus orders the appealing defendant to do an act, which, if left undone, or done improperly, could cause his citation for contempt of court. Obviously such a judgment fulfills the requirements of C.C.P. Article 2083 and the motion to dismiss is denied.
MOTION DENIED.